■ In the Matter of FRANCES D'AGATA, Respondent, v. DAVID N. DINKINS et al., Constituting the Board of Elections of the City of New York, Respondents, and MICHAEL CIRRITO, Appellant.— Judgment, Supreme Court, Bronx County, entered on May 11, 1973, unanimously affirmed, without costs and without disbursements. No opinion. Concur — Markewich, J. P., Nunez, Kupferman, Steuer and Capozzoli, JJ.

■ In the Matter of ISRAEL RUIZ, JR., Appellant, v. DAVID N. DINKINS et al., Constituting the Board of Elections of the City of New York, Respondents, and BARRY SALMAN, Respondent.— Appeal from judgment, Supreme Court, Bronx County, entered May 21, 1973, dismissed, without costs and without disbursements, for lack of a record. Assuming, however, that the record would be substantially in the form claimed by appellant on the argument, we would, if we did not dismiss, affirm upon the merits. Concur — Markewich, J. P., Kupferman, Steuer and Capozzoli, JJ.; Nunez, J., dissents in the following memorandum: I would remand to Special Term to give appellant an opportunity to establish the legality of a sufficient number of signatures to qualify. Ruiz has been denied fundamental fairness. For lack of time and facilities at the Board of Elections he was not permitted to show that he had filed a sufficient number of valid signatures to be placed on the ballot. He should have been permitted to do so. The ultimate decision — who is to be elected — should be made by the voters and not by this or any other court.

■ In the Matter of FRANKLIN HESS, Appellant, v. ROBERT I. POSTEL, Respondent, and NATALIE BECKER et al., Respondents. In the Matter of ROBERT I. POSTEL, Respondent, v. BOARD OF ELECTIONS OF THE CITY OF NEW YORK, Respondent, and FRANKLIN HESS, Appellant.— Two judgments, Supreme Court, New York County, each entered on May 21, 1973, unanimously affirmed, without costs and without disbursements. Leave to appeal to the Court of Appeals is granted. No opinion. Concur — Stevens, P. J., Markewich, Nunez, Kupferman and Steuer, JJ.

■ In the Matter of ROBERTO LEBRON, Appellant, v. DAVID DINKINS et al., Constituting the Board of Elections of the City of New York, et al., Respondents, and RAMON S. VELEZ et al., Respondents.— Judgment, Supreme Court, Bronx County, entered May 17, 1973, dismissing the proceeding for want of jurisdiction, affirmed, without costs and without disbursements. Concur — Stevens, P. J., Markewich and Steuer, JJ.; Nunez and Kupferman, JJ., dissent in the following memorandum: This case and a number of others before the court in this primary season show that the question of designating petitions for candidates gets to be a game with little relevance to the desires of legitimate voters. All we can do is try to comply with the spirit of the law to do substantial justice on the facts as we find them. On that basis, we vote to reverse and remand to the Board of Elections to reinstate Roberto Lebron as a candidate for the primary.